IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 1:16-00087-KD-C |
| | ) |
| RON LUVELL DEDEAUX, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on Defendant Ron Luvell Dedeaux's *pro se* Motion for Compassionate Release/Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) or in the alternative for home confinement under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (to be codified at 18 U.S.C. § 3621), exhibits in support and letters in support (Docs. 209, 210, 211), and the United States' Response and exhibits in support of same. (Doc. 214, 216 (SEALED)).[1] Upon consideration, and for the reasons set forth herein, Defendant Dedeaux's motion is **DENIED**.

**I.    Background**

In July 2016, Defendant Dedeaux was charged in a superseding indictment with conspiracy to distribute methamphetamine (21 U.S.C. 846) (Count One); conspiracy to distribute marijuana (21 U.S.C. § 846) (Count Two); possession with intent to distribute methamphetamine (21 U.S.C. § 841(a)(1)) (Count Three); and possession with intent to distribute marijuana (21 U.S.C. § 841(a)(1))

---

[1] Defendant Dedeaux also moves for the appointment of counsel. (Doc. 210). His request for appointment of counsel is **DENIED**. There is no constitutional or statutory right to counsel for "motions filed under § 3582; therefore, 'the decision to appoint an attorney is left to the discretion of the district court.'" United States v. Reese, No. 2:12-CR-87-WKW, 2020 WL 3621316, at *1 (M.D. Ala. July 2, 2020) (quoting United States v. Webb, 565 F.3d 789, 792 (11th Cir. 2009)) (addressing the right to counsel in the context of a § 3582(c)(2) motion). United States v. Mendoza, 2021 WL 43072, at *6-*7 (S.D. Fla. Feb. 8, 2021). The Court finds that appointment of counsel is not necessary. Dedeaux has shown the ability to effectively set forth the facts, claims and argument and otherwise prosecute this action. Additionally, the claims are not factually and legally complex or exceptional such that appointment of counsel would be warranted.

(Count Four). (Doc. 89). Dedeaux pled guilty to Count One. (Doc. 118). Pursuant to the United States Sentencing Guidelines, Dedeaux was found to be a career offender. (Doc. 161 at 6 (SEALED)). Thus, his criminal history category was VI, with a total offense level of 34, and his Sentencing Guidelines range was a minimum mandatory sentence of life imprisonment based on the enhancement information filed by the United States. (Id. at 6, 9, 13).

In October 2018, the Court granted the United States' motion for downward departure and sentenced Dedeaux to 144 months as to Count One, with credit for time served, to be followed by ten (10) years of supervised release. (Docs. 183, 186).

Dedeaux is now 40 years old. He has served approximately 5 years of his sentence. His estimated release date is July 31, 2026. He is incarcerated at FCI Yazoo City Medium in Yazoo City, Mississippi. As of April 19, 2021, six staff members at FCI Yazoo City Medium were positive for COVID-19 but no inmates; 167 inmates and ten staff members had recovered from COVID-19. No deaths were reported. *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last updated April 16, 2021).

**II.    Procedural requirements**

Before Section 603(b) of the First Step Act of 2018 was enacted, the district court could grant a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A), the compassionate release provision, only if the Director of the Bureau of Prisons filed the motion.  Now, in relevant part, the statute, as amended by the First Step Act of 2018, provides that:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment…

18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

The United States agrees that Dedeaux has met the procedural requirements and his motion is properly before the Court. (Doc. 214 at 12). Dedeaux requested Compassionate Release on September 21, 2020. (Doc. 209-2 at 2). Dedeaux filed his motion November 8, 2020.[2] Therefore, more than thirty days lapsed since the Warden received Dedeaux's request.

### III. <u>Compassionate release</u>

Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." <u>United States v. Phillips</u>, 597 F.3d 1190, 1194-95 (11th Cir. 2010); <u>United States v. Shaw</u>, 711 Fed. Appx. 552, 554-55 (11th Cir. 2017) (same). Specifically, the "court may not modify a term of imprisonment once it has been imposed except" as set out in 18 U.S.C. § 3582(c). <u>See</u> <u>United States v. Pubien</u>, 805 Fed. Appx. 727, 730 (11th Cir. Feb. 25, 2020) (quoting 18 U.S.C. § 3582(c)).

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i) provides that the Court "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)," if the Court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The applicable Policy Statement, U.S.S.G. § 1B1.13, has not been amended since the enactment of the First Step Act. So, the Sentencing Commission has not set out the policy to apply when inmates file the motion. Instead, the Policy Statement sets out the policy to apply "[u]pon motion of the Director of the Bureau of Prisons." <u>Id</u>.

---

[2] Although Dedeaux's pro se motion was filed in the District Court for the Southern District of Alabama December 11, 2020, under the "mailbox rule" it is deemed filed on the date that he delivered it to the prison authorities for mailing—presumably November 8, 2020. <u>See</u> e.g., (Doc. 209 at 9). <u>Jones v. U.S.</u>, 304 F.3d 1035, 1038 n. 7 (11th Cir. 2002).

However, in United States v. Granda, - - - Fed. Appx. - - -, 2021 WL 1246252, at *1 (11th Cir. Apr. 5, 2021), the Eleventh Circuit recently stated:

> We've not yet held in a published opinion whether § 1B1.13, which on its face applies only to motions for compassionate release filed by the BOP and has not been amended following the First Step Act, constrains district courts in considering compassionate release motions filed by prisoners themselves. However, we've held that the district court's consideration of the policy statements in § 1B1.13 was not an abuse of discretion.

Granda, 2021 WL 1246252, at *1 (citing United States v. Harris, - - - F. 3d - - -, 2021 WL 745262, *3 & n.2 (11th Cir. Mar. 2, 2021).

The Eleventh Circuit further states that:

> Section 3582(c)(1)(A) still requires any reduction to be consistent with the sentencing commission's applicable policy statements.  The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13, and provide that the court may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a),[1] to the extent that they are applicable," it finds, in relevant part, that extraordinary and compelling reasons warrant the reduction. The court must determine that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), <u>before</u> it can determine whether extraordinary and compelling reasons exist. U.S.S.G. § 1B1.13; id., comment. (n.1). In determining whether an individual is a danger to others, the court can consider: (1) the offenses' nature and circumstances; (2) the weight of the evidence against the person; (3) the person's history and characteristics; (4) the nature and seriousness of the danger to any person of the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

***

> Footnote 1.  The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent

4

>policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

United States v. Granda, 2021 WL 1246252, at *1 (underlining in original).

Dedeaux argues that extraordinary and compelling reasons exist warranting release from prison or a reduction in sentence to time served. (Doc. 209 at 1-2, 7). Specifically, he asserts that his serious health conditions—hypertension and obesity—place him at an increased risk for severe illness from COVID-19. (Id. at 1-2). Dedeaux explains that the living arrangements at FCI Yazoo City Medium prevent him from providing self-care as he is unable to practice effective social distancing or hygiene measures. (Id. at 3). According to Dedeaux, the "same HVAC system run[s] throughout all cells" and that this "amplifies the risk of everyone catching or being exposed to the virus." (Doc. 209 at 3; Doc. 209-4 at 2). He points out the presence of COVID-19 at FCI Yazoo City Medium. (Doc. 209 at 3; Doc. 209-4 at 2). And Dedeaux explains he has been in prison for "4 ¾" years and while incarcerated he has: "attended and completed a[n] alcohol and drug program, also I have a job here working in [facilities]. I have also enrolled in the FED Program as well… I have not been in any trouble since I have been incarcerated." (Doc. 209-4 at 1). He states he "has done everything in his power to rehabilitate himself as demonstrated by his genuinely exceptional accomplishments and meritorious prison record…he unequivocally accepts responsibility for his criminal conduct." (Doc. 209 at 2).

The United States agrees that "[u]nder the current CDC guidelines, adults who are obese (body mass index, or BMI, between 30 and 39) or severely obese (BMI or 40 or above) are at increased risk of severe illness from COVID-19." (Id. at 17-18 (citing *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated March 29, 2021)). Similarly, the United States acknowledges adults with hypertension might be at an increased risk for severe illness from COVID-19. (Id. at 18

(citing *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated March 29, 2021)). But the United States points out that while Dedeaux claims he has a BMI greater than 30 (is obese) and has hypertension, the documents he cites in support are documents pertaining to his co-defendant, Brandon Bullock, not to Dedeaux. (Doc. 214 at 18). And see (Doc. 209 at 2 (citing Doc. 202 (Brandon Bullock's Response to the United States' Reply) and Doc. 203-1 (BOP Health Services Clinical Encounter Report for Brandon Bullock)).

The United States procured Dedeaux's medical records from the Bureau of Prisons. (Doc. 216 (SEALED)). These records reflect neither a hypertension diagnosis nor an obesity/BMI over 30 diagnosis. (Id.). Accordingly, Dedeaux has not shown an extraordinary and compelling reason to reduce his sentence based on underlying medical conditions. And risk of contracting COVID-19 alone is not enough. United States v. Bogan, 2020 WL 5441556, at *1 (M.D. Ala. Sept. 10, 2020) (citing United States v. Raia, 954 F.3d 594, 597 (3d. Cir. 2020)). United States v. Linder, 2020 WL 6747751, at *4 (S.D. Fla. Nov. 17, 2020) (same).

Dedeaux also relies on 18 U.S.C. § 3582(c)(1)(ii) which applies to defendants who are "at least 70 years of age" and have "served at least 30 years in prison." (Doc. 209 at 6). As Dedeaux admits, he is "40 years old and has served approximately 57 months of his 144 month sentence," this subsection cannot apply to him.

Dedeaux's efforts to rehabilitate himself and his prison record are commendable. But, such does not provide a basis for the relief he seeks. Accordingly, Dedeaux's Motion for Compassionate Release (Doc. 209) is **DENIED**.

V.   **CARES Act**

Dedeaux also moves this Court to modify his sentence to serve the remainder on home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security Act (CARES Act),

Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516. (Doc. 209 at 7). His motion is **DENIED**. Previously, under 18 U.S.C. § 3624(c)(2), the Bureau of Prisons had authority to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." Under the CARES Act, effective March 27, 2020, the BOP Director was permitted to lengthen the maximum amount of time a prisoner may be placed in home confinement, in certain circumstances and during a specified period of time after the declaration of national emergency due to COVID-19, if the Attorney General found that emergency conditions would materially affect the functioning of the BOP. CARES Act, Pub. L. 116-136, § 12003(b)(2).[3]

On April 3, 2020, Attorney General William Barr made this finding and gave the Director authority to exercise this discretion. The Director was directed to "immediately review all inmates who have COVID-19 risk factors, as established by the CDC, starting with the inmates incarcerated at FCI Oakdale, FCI Danbury, FCI Elkton, and similarly situated facilities where you determine that COVID-19 is materially affecting operations." Memorandum from Attorney General William Barr to Director of Bureau of Prisons, *Increasing Use of Home Confinement at Institutions Most Affected by COVID-19* at 2 (April 3, 2020), https://www.justice.gov/file/1266661/download.

**But, the CARES Act did not give the Court authority to direct the BOP to consider Dedeaux for home confinement or authority to direct the BOP to place him in home confinement for the remainder of his sentence**. United States v. Groover, 2921 WL 391882, at *2 (11th Cir. Feb. 4, 2020) ("Neither § 3624(c)(2) nor the CARES Act, however, give the judiciary any authority to grant an inmate's request for home confinement. *See* 18 U.S.C. § 3624(c)(2); CARES

---

[3] "Home Confinement Authority. During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate." CARES Act, P.L. 116-136, § 12003(b)(2) (2020).

Act, Pub. L. 116-136, Div. B, Title II, § 12003(b)(2)."). Under 18 U.S.C. § 3621(b), the BOP "shall designate the place of the prisoner's confinement."

**VI.**     **Conclusion**

For the reasons stated herein, Dedeaux's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 209) is **DENIED** and Dedeaux's motion pursuant to the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516, is **DENIED.**

**DONE** and **ORDERED** this **20th** day of **April 2021.**

s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**